**Marissa Warren, State Bar No. 249583**
**Jason Scupine, State Bar No. 150867**
**Email: mwarren@ljdfa.com / jscupine@ljdfa.com**
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
**701 North Brand Blvd., Suite 600**
**Glendale, California 91203-9877**
**Telephone (213) 426-3600 • Facsimile (213) 426-3650**

Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.,
erroneously sued and served as CVS PHARMACY, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# ROBERT E. COYLE FEDERAL COURTHOUSE

| | |
|---|---|
| RITA WOMACK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CVS PHARMACY, INC.; DOES 1 to 20, inclusive,<br><br>                    Defendants. | CASE NO.:<br>[Removal from Superior Court of California, Kern County, Case No.: BCV-22-101124]<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Jason Scupine; Declaration of Melanie K. St. Angelo; and Exhibits]*<br><br>ACTION FILED:  05/16/22 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA, ROBERT E. COYLE FEDERAL COURTHOUSE:

PLEASE TAKE NOTICE that Defendant, GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS PHARMACY, INC. (herein after "Defendant"), hereby removes the state court action described below to this the United States District Court for the Eastern District, Bakersfield Courthouse of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

\\ljdfasapdc1\documents\654 1.43139 womack\pl - pleadings

Defendant provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## I.   THE STATE COURT ACTION.

1.     On May 10, 2022, Plaintiff, Rita Womack, filed a Complaint entitled *Rita Womack v. CVS Pharmacy, Inc.; DOES 1 TO 20, Inclusive*, Case No. BCV-22-101124 in the Superior Court of the State of California, County of Kern. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to this Notice.  The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

2.     On May 19, 2022, Plaintiff served the Summons and Complaint on CVS Pharmacy, Inc. through its agent for service of process, CT Corporation System.  Attached hereto as **Exhibit B** is a true and correct copy of all process, pleadings, and orders served upon and by Defendant related to this action, which includes the Summons and Complaint and the copy of legal process received by the statutory agent.  Based on the allegations in the Complaint, discussed below, the corporate entity for the CVS store at issue in Plaintiff's Complaint located in Bakersfield, California, is Garfield Beach CVS, L.L.C., whose sole member is CVS Pharmacy, Inc., a Rhode Island Corporation.  See Declarations of Jason Scupine and Melanie K. St. Angelo, and **Exhibit D**.

3.     Removal is timely.  Defendant has removed this action within 30 days after receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4.     Venue is proper.  Plaintiff filed the state court action in the Superior Court of the State of California, County of Kern.  Venue therefore properly lies in the United States District Court for the Eastern District, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

5.     As Garfield Beach CVS, L.L.C. is a limited liability corporation whose sole member is CVS Pharmacy, Inc., and is an out-of-state Defendant, removal is proper.

6.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

\\ljdfasapdc1\documents\654 1.43139 womack\pl - pleadings

of the State of California, County of Kern.

## III.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b).

7.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   The Parties Are Diverse.

8.     Diversity between the Plaintiff and the Defendant existed at the time the Complaint was filed and continues to exist as of this removal.

9.     Plaintiff, Rita Womack, alleges in her Complaint that on June 28, 2020, she was "walking outside the store near the handicap parking" at the CVS Pharmacy located in Bakersfield, California and "came in contact with [a] dangerous condition" described as "a slippery substance on a slippery floor." *Complaint*, Exh. A.  Plaintiff contends that she "slipped and fell" upon coming into contact with the "slippery substance." *Id.*  Based on this information, Defendant believes that at the time Plaintiff filed her Complaint, she was and remains a citizen of California.

10.     This removing Defendant was at the time Plaintiff filed her Complaint, and is now, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

11.     CVS Pharmacy, Inc., is now, and was at the time Plaintiff filed her Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. *See* St. Angelo Decl. ¶ 2, Scupine Decl. ¶ 4, **Exhibit C**. Thus, at all times relevant hereto, CVS Pharmacy, Inc., has been a citizen of Rhode Island, and not a citizen of California.

12.     Garfield Beach CVS, LLC is now and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of California.

1  *See* St. Angelo Decl. ¶ 3 and Exh. D.  Under 28 U.S.C. § 1332(a), however, a limited

2  liability company is a citizen of the same state or states as its owners/members.  *Johnson*

3  *v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  In this case,

4  Garfield Beach CVS, L.L.C., has a sole member – CVS Pharmacy, Inc. outlined above,

5  CVS Pharmacy, Inc. is a citizen of the State of Rhode Island.  Therefore, Garfield Beach

6  CVS, L.L.C., is also a citizen of the State of Rhode Island, and not a citizen of the State

7  of California, per 28 U.S.C. § 1329(a).

8      13.    In determining whether a civil action is properly removable on the basis of

9  diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of

10  defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1).  The citizenship of "Does

11  1-10" and "Does 1-20" named in the Complaint is therefore immaterial with respect to

12  removal.

13      14.    Because Plaintiff is and was at the time she filed the Complaint, a citizen of

14  California; because Garfield Beach CVS, L.L.C. was, at the time Plaintiff filed her

15  Complaint, a citizen of Rhode Island; diversity of citizenship exists between the parties,

16  and it existed at the time the Complaint was filed.

17      **B.    The Amount In Controversy Exceeds $75,000.**

18      15.    Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an

19  amount in controversy if a court finds, by the preponderance of the evidence, that the

20  amount in controversy exceeds $75,000.

21      16.    A removing Defendant need only show that the amount in controversy "more

22  likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental*

23  *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not

24  specified in the complaint, the court may consider the facts alleged in the complaint as

25  well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d

26  373, 376 (9th Cir. 1997); *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal.

27  2002).

28  ///

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

\\ljdfasapdc1\d
ocuments\654
1.43139
womack\pl -
pleadings

- 4 -
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

17.    To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995).  In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

18.    Plaintiff alleges on June 28, 2020, she was "walking outside the store near the handicap parking" at the CVS Pharmacy located in Bakersfield, California and "came in contact with [a] dangerous condition" described as "a slippery substance on a slippery floor." *Complaint*, Exh. A.  Plaintiff contends that she "slipped and fell" upon coming into contact with the "slippery substance." *Id.*  She further contends that Defendants allegedly "created and/or maintained a dangerous condition" on the aforementioned premises, thus breaching a duty of care towards Plaintiff and "all foreseeable plaintiffs," said "dangerous condition"  causing her to slip and fall and sustain "serious injuries."  Plaintiff claims to have suffered "serious and severe emotional distress and financial damages, injury, and other damages losses, costs, and expenses."   Further, Plaintiff claims she "will continue to incur financial and related expenses." *Complaint*, Exh. A.  Based upon my experience in handling general negligence and premises liability cases such as this case, it is facially evident from the Complaint that Plaintiff has placed an amount in excess of $75,000.00 in controversy, exclusive of interest and costs.  Scupine Decl., ¶ 6.

19.    It is thus facially apparent from the Complaint that Plaintiff's claims exceed $75,000. See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "wage loss; loss of use of property; hospital and medical expenses; general and property damage; loss of earning capacity; costs of transportation to and from all medical providers; costs of suit; pre and post judgment interest."); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."). As in *Luckett*, because Plaintiff has alleged non-economic and economic damages relative to her injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims exceed $75,000. *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("A district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'").

20.     By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law.  Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, GARFIELD BEACH CVS, L.L.C., respectfully requests that the action pending in the Superior Court for the State of California, County of Kern, be removed in its entirety to this Court.


 Dated:  June 15, 2022          LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES


                                By: _____
                                JASON SCUPINE
                                Attorneys for Defendant, GARFIELD BEACH
                                CVS, L.L.C., erroneously sued and served as CVS
                                PHARMACY, INC.

\\ljdfasapdc1\d
ocuments\654
1.43139
womack\pl -
pleadings

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446

# EXHIBIT  A

| | **SUM-100** |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | *FOR COURT USE ONLY* *(SOLO PARA USO DE LA CORTE)* |

**SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**  CVS Pharmacy, Inc.; DOES 1 to 20
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Rita Womack
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELECTRONICALLY FILED
5/16/2022

Kern County Superior Court
By Alejandra Velazquez, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Kern 1415 Truxtun Avenue Bakersfield, California 93301 | BCV-22-101124 |

AV1215

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Gene J. Goldsman, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Gene J. Goldsman
501 Civic Center Drive West, Santa Ana, CA 92701          (714) 541-3333

| DATE: *(Fecha)* 5/16/2022 | TAMARAH HARBER-PICKENS | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CVS PHARMACY, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

CIV-050

**-DO NOT FILE WITH THE COURT-**
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Gene J. Goldsman, Esq.<br>LAW OFFICES OF GENE J. GOLDSMAN<br>501 Civic Center Drive West<br>Santa Ana, CA 92701<br>ESERVICE@GJGLAW.COM | (714)541-3333 | |

ATTORNEY FOR *(name)*:  Rita Womack

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS: 1215 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metro Division

PLAINTIFF:  Rita Womack

DEFENDANT:  CVS Pharmacy, Inc.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>BCV-22-101124 |
|---|---|

To *(name of one defendant only):* CVS Pharmacy, Inc.
Plaintiff *(name of one plaintiff only):* Rita Womack
seeks damages in the above-entitled action, as follows:

**1. General damages**                                                                                       AMOUNT

  a. ☒  Pain, suffering, and inconvenience............................................................................ $    2,000,000.00

  b. ☒  Emotional distress ..................................................................................................... $    2,000,000.00

  c. ☐  Loss of consortium ..................................................................................................... $ _____

  d. ☐  Loss of society and companionship *(wrongful death actions only)*............................ $ _____

  e. ☐  Other *(specify)* _____ $ _____

  f. ☐  Other *(specify)* _____ $ _____

  g. ☐  Continued on Attachment 1.g.

**2. Special damages**

  a. ☒  Medical expenses *(to data)* ...................................................................................... $    1,000,000.00

  b. ☒  Future medical expenses *(present value)*................................................................. $    1,000,000.00

  c. ☐  Loss of earnings *(to date)*........................................................................................ $ _____

  d. ☐  Loss of future earning capacity *(present value)*....................................................... $ _____

  e. ☐  Property damage ....................................................................................................... $ _____

  f. ☐  Funeral expenses *(wrongful death actions only)* ...................................................... $ _____

  g. ☐  Future contributions *(present value)* *(wrongful death actions only)* ......................... $ _____

  h. ☐  Value of personal service, advice, or training *(wrongful death actions only)* ........... $ _____

  i. ☐  Other *(specify)* _____ $ _____

  j. ☐  Other *(specify)* _____ $ _____

  k. ☐  Continued on Attachment 2.k.

3. ☐  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ _____
  when pursuing a judgment in the suit filed against you.

Date: 05.16.2022

Gene J. Goldsman, Esq.
_____                        ▶        _____
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                                              Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET

Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

`Arbitration:  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local Court ADR Programs
The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at www.kern.courts.ca.gov/local_rules_of_court.

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services go to http://go.bbb.org/ccie-mediation.

## ADR Coordinator:
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

## Resources:
**California Department of Consumer Affairs:  www.dca.ca.gov/consumer/mediation_guides**
**Judicial Branch California Courts – ADR: www.courts.ca.gov/selfhelp-adr.htm**
**ADR Stipulation Form: www.kern.courts.ca.gov/documents/stipulation_and_order_form**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br>BAKERSFIELD COURT<br>1215 TRUXTUN AVENUE<br>BAKERSFIELD CA 93301 | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>MAY 16, 2022<br>BY *Alejandra Velazquez* DEPUTY |
|---|---|
| **PLAINTIFF/PETITIONER:**<br>**RITA WOMACK**<br>**DEFENDANT/RESPONDENT:**<br>**CVS PHARMACY, INC.** | |
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br>**NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>BCV-22-101124 |

By order of the presiding judge, the above entitled case is assigned to the Honorable J. Eric Bradshaw for all purposes. It will be managed on the direct calendar program in Bakersfield Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **JEB** after the case number on all future pleadings filed in this case.

**Bakersfield Hearing Locations:**
Departments 1 through 18 are located at 1415 Truxtun Avenue, Bakersfield, CA 93301
Divisions A through L are located at 1215 Truxtun Avenue, Bakersfield, CA 93301

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **August 30, 2022** in **Bakersfield Division J** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable J. Eric Bradshaw on **November 14, 2022** at **8:30 AM** in **Bakersfield Division J**. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT: You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).**

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date: May 16, 2022

By: _____
Signed: 5/16/2022 10:52:16 AM
Alejandra Velazquez, Deputy Clerk

Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

WOMACK VS CVS PHARMACY, INC.
BCV-22-101124

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable J. Eric Bradshaw as monitoring judge.

Judge J. Eric Bradshaw has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division J. This will involve all cases in which the clerk has assigned the initials JEB to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at (661) 868-7204. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge J. Eric Bradshaw. However, those cases that do not settle will be set for trial before him/her.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
### SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

WOMACK VS CVS PHARMACY, INC.
BCV-22-101124

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).

Date of Posting:        May 16, 2022

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                 **TAMARAH HARBER-PICKENS**
                                                                 CLERK OF THE SUPERIOR COURT

Date:  May 16, 2022

                                                                 Signed: 5/16/2022 10:52:17 AM

                                             By:        _____

                                                                 Alejandra Velazquez, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Gene J. Goldsman, Esq.          SBN: 76554<br>Law Offices of Gene J. Goldsman<br>501 Civic Center Drive West<br>Santa Ana, CA 92701<br>TELEPHONE NO:(714) 541-3333          FAX NO. *(Optional):* (714) 541-0456<br>E-MAIL ADDRESS *(Optional):* gene@gjglaw.com<br>ATTORNEY FOR *(Name):* Rita Womack | | ELECTRONICALLY FILED<br>5/10/2022 9:13 AM<br>Kern County Superior Court<br>By Alejandra Velazquez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
  STREET ADDRESS: ~~1415 Truxtun Avenue~~ 1215 Truxtun Ave. AV
  MAILING ADDRESS: ~~1415 Truxtun Avenue~~ 1215 Truxtun Avenue
  CITY AND ZIP CODE: Bakersfield, 93301
  BRANCH NAME: Metro Division

PLAINTIFF: Rita Womack

DEFENDANT: CVS Pharmacy, Inc.

[X] DOES 1 TO    20

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
  [ ] **AMENDED *(Number):***
Type *(check all that apply):*
  [ ] MOTOR VEHICLE    [X] OTHER *(specify):* Negligence, Premises Liability
  [ ] Property Damage    [ ] Wrongful Death
  [X] Personal Injury    [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
  [ ] **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded    [ ] does not exceed $10,000
                     [ ] exceeds $10,000, but does not exceed $25,000
  [X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
  [ ] **ACTION IS RECLASSIFIED** by this amended complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:

BCV-22-101124

1. **Plaintiff** *(name or names):* Rita Womack
   alleges causes of action against **defendant** *(name or names):* CVS Pharmacy, Inc.; DOES 1 to 20

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| SHORT TITLE: Womack v. CVS | CASE NUMBER: BCV-22-101124 |
|---|---|

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☒ **except defendant** (name): CVS Pharmacy, Inc.
    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  c. ☐ **except defendant** (name):
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  b. ☐ **except defendant** (name):
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  d. ☐ **except defendant** (name):
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☒ Doe defendants (specify Doe numbers): 1 to 20      were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☒ Doe defendants (specify Doe numbers): 1 to 20      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, **and**

  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

| SHORT TITLE: Womack v. CVS | CASE NUMBER:<br>BCV-22-101124 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
  a. ☐ Motor Vehicle
  b. ☒ General Negligence
  c. ☐ Intentional Tort
  d. ☐ Products Liability
  e. ☒ Premises Liability
  f. ☐ Other *(specify):*

11. Plaintiff has suffered
  a. ☒ wage loss
  b. ☒ loss of use of property
  c. ☒ hospital and medical expenses
  d. ☒ general damage
  e. ☒ property damage
  f. ☒ loss of earning capacity
  g. ☒ other damage *(specify):* Costs of transportation to and from all medical providers; costs of suit; pre and post judgment interest; any such further relief as the Court deems just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
  a. ☐ listed in Attachment 12.
  b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. (1) ☒ compensatory damages
    (2) ☐ punitive damages
  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
  (1) ☒ according to proof
  (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):* All Paragraphs

Date: May 9, 2022

Gene J. Goldsman, Esq.
    (TYPE OR PRINT NAME)

    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE: Womack v. CVS | CASE NUMBER: BCV-22-101124 |
|---|---|

<u>FIRST</u>      **CAUSE OF ACTION—General Negligence**     Page <u>4</u>
(number)

ATTACHMENT TO   [ X ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Rita Womack

alleges that defendant *(name):* CVS Pharmacy, Inc.

[ X ] Does     <u>1</u>    to     <u>20</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* or about June 28, 2020
at *(place):* or near 3500 Stine Rd Bakersfield, CA 93309

*(description of reasons for liability):*

1. Plaintiff(s) reallege all prior and subsequent paragraphs of this complaint by incorporation by reference, as if fully set forth in full herein.

2. The true names or capacities, whether individual, associate, corporate, or otherwise of those Defendants sued herein as Does 1-20, inclusive, and each of them, are unknown to Plaintiff(s), and Plaintiff(s) are genuinely ignorant of their true names and identity of Does 1-20, inclusive, and/or facts to implicate the fictitious Doe defendants, who therefore sue said Doe Defendants by such fictitious names. Plaintiffs will ask or seek leave of court to amend this complaint to show such true names and capacities when they have ascertained or identified. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants are and were in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failure to act, representations and omissions alleged throughout this complaint and/or committed such, and are liable to Plaintiff(s) as herein alleged either individually or collectively are, in some manner responsible for the actions, happenings or events as well as the acts, representations and omissions described herein and are in some manner responsible and liable to plaintiff(s) for them. Additionally, Fictitious defendants, Does 1-20, inclusive are sued herein pursuant to California Code of Civil Procedure section 474.

CONTINUED ON NEXT PAGE...

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SHORT TITLE: Womack v. CVS

CASE NUMBER: BCV-22-101124

3. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint ventures, co-conspirators, partners, alter egos, alternate entities, affiliated entity, parent entity, subsidiary entity, sister entity, successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delegates, delegators and/or agents and "managing agents," trustee(s) of a trust, Estate, Estate pursuant to Probate Code section 550 -555 (where defendant(s) are protected by one or more insurance policies and plaintiff(s) seek to obtain all available insurance policy limits), personal representative(s) of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was done with advanced knowledge of defendants and each of them, and/or ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, and partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondent superior, agency, partnership, agreement or through or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

4. At all times relevant hereto Defendants and each of them, jointly or severally, including their agents, employees, servants, and contractors acting within the course, scope, and purpose of employment, owned, maintained, inspected, controlled, repaired, managed, and/or operated the premises on, at or near 3500 Stine Rd Bakersfield, CA 93309 and the surrounding and adjacent areas. Defendants had a duty of care towards all foreseeable plaintiffs, including present Plaintiff(s), to keep them free from foreseeable risks of harm, including but not limited to a duty adequately, properly, and safely maintain and inspect the property.

5. Defendants and each of them, were negligent, careless, reckless and unreasonable in their ownership, maintenance, inspection, repair, control, management and operation of the aforementioned premises. Defendants and each of them maintained and/or created a dangerous, hazardous and defective condition on their premises. The dangerous condition consisted of a slippery substance on a slippery floor near the handicap parking stall at the aforementioned premises. Defendants failed to provide adequate safety measures and features on the premises. The defendants could have corrected the condition prior and avoided Plaintiff's injury because the condition existed prior to the time of injury and Defendant had sufficient time to remedy the condition or provide warning/notice.

6. Further, Defendants and each of them, were negligent, reckless, careless, and unreasonable in and among other things, prior to and at the time of Plaintiff's injury, in constructing, erecting, building, maintaining, inspecting, improving, repairing, modifying, controlling, supervising, performance of contracting work and other work performed, and/or creating an unsafe, dangerous, and hazardous condition at the aforementioned.

7. Defendants and each of them offered no adequate instructions, directions, or warnings regarding this dangerous condition. As a direct and proximate result of the aforementioned negligent, reckless, careless, and unreasonable acts by Defendants and each of them, along with their employees, agents, servants, contractors, acting within the course, scope, and purpose of employment.

8. Plaintiff, a foreseeable user of the premises and property, while walking on the premises and made contact with the aforementioned dangerous and defective condition which proximately caused plaintiff to slip and fall, sustaining serious bodily injuries.

9. Defendants' wrongful and tortious acts, omissions and representations alleged throughout this complaint proximately caused or was a substantial factor in causing plaintiff serious and severe emotional distress and financial damages, injury, and other damages, losses, costs, and expenses. Plaintiff has incurred and will continue to incur, financial and related expenses. The full amount of such expenses is not known to Plaintiff at this time, and Plaintiff will state such amount when the same becomes known to him, at the time of trial, or on proof thereof.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

Westlaw Doc & Form Builder
CRC 201, 501

PLD-PI-001(4)

| SHORT TITLE: Womack v. CVS | CASE NUMBER: |
|---|---|
| | BCV-22-101124 |

_____SECOND_____   **CAUSE OF ACTION—Premises Liability**   Page 6_____
   (number)

ATTACHMENT TO   [ X ] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Rita Womack
   alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
   On *(date):* or about June 28, 2020                plaintiff was injured on the following premises in the following

   fashion *(description of premises and circumstances of injury):* At all times relevant hereto, Defendants, and each
   of them owned, controlled, operated, designed, managed, inspected and maintained, improved and repaired
   the premises at or near the aforementioned location.. Defendants, and each of them, created and/or
   maintained a dangerous condition on the aforementioned premises consisting of a slippery substance on a
   slippery floor on the aforementioned premises. Plaintiff came in contact with this dangerous condition when
   she was walking outside the store near the handicap parking, and as a direct and proximate result thereof,
   slipped and fell, sustaining serious injuries.

Prem.L-2.   [ ]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and
            operated the described premises were *(names):*



            [ ] Does _____ to _____

Prem.L-3.   [ ]   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
            or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
            *(names):*



            [ ] Does _____ to _____
            Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.   [ ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
            on which a dangerous condition existed were *(names):*



            [ ] Does _____ to _____
            a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
                 dangerous condition in sufficient time prior to the injury to have corrected it.
            b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [ X ] **Allegations about Other Defendants** The defendants who were the agents and employees of the
            other defendants and acted within the scope of the agency were *(names):*



            [ X ] Does _____1_____ to _____20_____

         b. [ X ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
            [ ] described in attachment Prem.L-5.b [ X ] as follows *(names):* CVS Pharmacy, Inc.; DOES 1 to
            20; According to proof.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SHORT TITLE: Womack v. CVS Pharmacy, Inc.

CASE NUMBER:

BCV-22-101124

1. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint ventures, co-conspirators, partners, alter egos, alternate entities, affiliated entity, parent entity, subsidiary entity, sister entity, successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delegates, delegators and/or agents and "managing agents," trustee(s) of a trust, Estate, Estate pursuant to Probate Code section 550-555 (where defendant(s) are protected by one or more insurance policies and plaintiff(s) seek to obtain all available insurance policy limits), personal representative(s) of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was done with advanced knowledge of defendants and each of them, and/or ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, and partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondent superior, agency, partnership, agreement or through or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

2. The true names or capacities, whether individual, associate, corporate, or otherwise of those Defendants sued herein as Does 1-20, inclusive, and each of them, are unknown to Plaintiff(s), and Plaintiff(s) are genuinely ignorant of their true names and identity of Does 1-20, inclusive, and/or facts to implicate the fictitious Doe defendants, who therefore sue said Doe Defendants by such fictitious names. Plaintiffs will ask or seek leave of court to amend this complaint to show such true names and capacities when they have ascertained or identified. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants are and were in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failure to act, representations and omissions alleged throughout this complaint and/or committed such, and are liable to Plaintiff(s) as herein alleged either individually or collectively are, in some manner responsible for the actions, happenings or events as well as the acts, representations and omissions described herein and are in some manner responsible and liable to plaintiff(s) for them. Additionally, Fictitious defendants, Does 1-20, inclusive are sued herein pursuant to California Code of Civil Procedure section 474.

3. At all times relevant hereto Defendants and each of them, jointly or severally, including their agents, employees, servants, and contractors acting within the course, scope, and purpose of employment, owned, maintained, inspected, controlled, repaired, managed, and/or operated the premises on, at or near 3500 Stine Rd Bakersfield, CA 93309 and the surrounding and adjacent areas. Defendants had a duty of care towards all foreseeable plaintiffs, including present Plaintiff(s), to keep them free from foreseeable risks of harm, including but not limited to a duty adequately, properly, and safely maintain and inspect the property, warn and make safe.

4. The dangerous condition consisted of a wet and slippery substance on the handicap parking area outside the store at the aforementioned preemies that was negligently maintained, inspected, repaired, controlled and managed. Plaintiff, a foreseeable user of the premises and property, was walking on the aforementioned described premises area. Plaintiff made contact with the dangerous condition which proximately caused Plaintiff to fall to the ground and sustain serious injuries. Defendants failed to provide adequate safety measures and features on the premises. The defendants could have corrected the condition prior and avoided Plaintiffs injury because the condition existed prior to the time of injury and Defendant had sufficient time to warn, make safe, or remedy the condition.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 7

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Westlaw Doc & Form Builder

CRC 201, 501

EXHIBIT  B

## Service of Process Transmittal Summary

**TO:**      Serviceof Process
CVS HEALTH COMPANIES
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**      **Process Served in California**

**FOR:**      CVS Pharmacy, Inc.  (Domestic State: RI)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Rita Womack // To: CVS Pharmacy, Inc. |
| **CASE #:** | BCV22101124 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/19/2022 at 10:02 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/19/2022, Expected Purge Date: 05/24/2022 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |


The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Thu, May 19, 2022
**Server Name:**                             Dion Jones

| Entity Served | CVS PHARMACY, INC. |
|---|---|
| Case Number | BCV-22-101124 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
|  |  |  |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CVS Pharmacy, Inc.; DOES 1 to 20
*(AVISO AL DEMANDADO):*

ELECTRONICALLY FILED
5/16/2022

Kern County Superior Court
By Alejandra Velazquez, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** Rita Womack
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Kern | BCV-22-101124 |

AV1215  1415 Truxtun Avenue
Bakersfield, California  93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Gene J. Goldsman, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Offices of Gene J. Goldsman
501 Civic Center Drive West, Santa Ana, CA 92701                                    (714) 541-3333

| DATE: *(Fecha)* 5/16/2022 | TAMARAH HARBER-PICKENS | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CVS PHARMACY, INC.

    under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CIV-050

*-DO NOT FILE WITH THE COURT-*
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Gene J. Goldsman, Esq.<br>LAW OFFICES OF GENE J. GOLDSMAN<br>501 Civic Center Drive West<br>Santa Ana, CA 92701<br>ESERVICE@GJGLAW.COM<br>ATTORNEY FOR *(name)*: Rita Womack | TELEPHONE NO.:<br>(714)541-3333 | FOR COURT USE ONLY |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS: 1215 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metro Division

PLAINTIFF: Rita Womack

DEFENDANT: CVS Pharmacy, Inc.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>BCV-22-101124 |
|---|---|

To *(name of one defendant only)*: CVS Pharmacy, Inc.
Plaintiff *(name of one plaintiff only)*: Rita Womack
seeks damages in the above-entitled action, as follows:

**1. General damages**          AMOUNT

a. ☒ Pain, suffering, and inconvenience ........................................................ $ 2,000,000.00

b. ☒ Emotional distress ............................................................................ $ 2,000,000.00

c. ☐ Loss of consortium ........................................................................... $ _____

d. ☐ Loss of society and companionship *(wrongful death actions only)* ............ $ _____

e. ☐ Other *(specify)* _____ $ _____

f. ☐ Other *(specify)* _____ $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☒ Medical expenses *(to data)* ............................................................. $ 1,000,000.00

b. ☒ Future medical expenses *(present value)* ........................................... $ 1,000,000.00

c. ☐ Loss of earnings *(to date)* .............................................................. $ _____

d. ☐ Loss of future earning capacity *(present value)* ................................... $ _____

e. ☐ Property damage .............................................................................. $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* .................................. $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* .......... $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____

i. ☐ Other *(specify)* _____ $ _____

j. ☐ Other *(specify)* _____ $ _____

k. ☐ Continued on Attachment 2.k.

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $
when pursuing a judgment in the suit filed against you.

Date: 05.16.2022

Gene J. Goldsman, Esq.
_____    ▶     _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                       Page 1 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET

Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

     Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

     Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
     Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

     Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

     Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

Arbitration:  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local Court ADR Programs

The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at www.kern.courts.ca.gov/local_rules_of_court.

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services go to http://go.bbb.org/ccie-mediation.

## ADR Coordinator:

Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

## Resources:

**California Department of Consumer Affairs:  www.dca.ca.gov/consumer/mediation_guides**
**Judicial Branch California Courts – ADR: www.courts.ca.gov/selfhelp-adr.htm**
**ADR Stipulation Form: www.kern.courts.ca.gov/documents/stipulation_and_order_form**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br>BAKERSFIELD COURT<br>1215 TRUXTUN AVENUE<br>BAKERSFIELD CA  93301 | FOR COURT USE ONLY<br><br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>MAY 16, 2022<br>BY *Alejandra Velazquez* DEPUTY |
|---|---|
| **PLAINTIFF/PETITIONER:**<br>**RITA WOMACK**<br>**DEFENDANT/RESPONDENT:**<br>**CVS PHARMACY, INC.** | |
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br>**NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>BCV-22-101124 |

By order of the presiding judge, the above entitled case is assigned to the Honorable J. Eric Bradshaw for all purposes. It will be managed on the direct calendar program in Bakersfield Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **JEB** after the case number on all future pleadings filed in this case.

**Bakersfield Hearing Locations:**
Departments 1 through 18 are located at 1415 Truxtun Avenue, Bakersfield, CA 93301
Divisions A through L are located at 1215 Truxtun Avenue, Bakersfield, CA 93301

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **August 30, 2022** in **Bakersfield Division J** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable J. Eric Bradshaw on **November 14, 2022** at **8:30 AM** in **Bakersfield Division J**. <u>Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.</u>

NOTICE TO PLAINTIFF'S COUNSEL

**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).**

NOTICE TO CROSS COMPLAINANT'S COUNSEL

**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

Date:  May 16, 2022

          **TAMARAH HARBER-PICKENS**
          CLERK OF THE SUPERIOR COURT

          Signed: 5/16/2022 10:52:16 AM
By: _____
      Alejandra Velazquez, Deputy Clerk

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable J. Eric Bradshaw as monitoring judge.

Judge J. Eric Bradshaw has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division J. This will involve all cases in which the clerk has assigned the initials JEB to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at (661) 868-7204. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge J. Eric Bradshaw. However, those cases that do not settle will be set for trial before him/her.

WOMACK VS CVS PHARMACY, INC.
BCV-22-101124

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

WOMACK VS CVS PHARMACY, INC.
BCV-22-101124

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).

Date of Posting:        May 16, 2022

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                        **TAMARAH HARBER-PICKENS**
                                                        CLERK OF THE SUPERIOR COURT

Date:  May 16, 2022

                                                        Signed: 5/16/2022 10:52:17 AM

                                        By:     _____

                                                        Alejandra Velazquez, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gene J. Goldsman, Esq.　　　　　　　SBN: 76554<br>Law Offices of Gene J. Goldsman<br>501 Civic Center Drive West<br>Santa Ana, CA 92701<br>TELEPHONE NO:(714) 541-3333　　　FAX NO. *(Optional):* (714) 541-0456<br>E-MAIL ADDRESS *(Optional):* gene@gjglaw.com<br>ATTORNEY FOR *(Name):* Rita Womack | **ELECTRONICALLY FILED**<br>5/10/2022 9:13 AM<br>Kern County Superior Court<br>By Alejandra Velazquez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: ~~1415 Truxtun Avenue~~ 1215 Truxtun Ave. AV
MAILING ADDRESS: ~~1415 Truxtun Avenue~~ 1215 Truxtun Ave. AV
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metro Division

PLAINTIFF: Rita Womack

DEFENDANT: CVS Pharmacy, Inc.

[X] DOES 1 TO　　20

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED *(Number):***
Type *(check all that apply):*
[ ] MOTOR VEHICLE　[X] OTHER *(specify):* Negligence, Premises Liability
[ ] Property Damage　[ ] Wrongful Death
[X] Personal Injury　[ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded　[ ] does not exceed $10,000
　　　　　　　　　[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
　　[ ] from limited to unlimited
　　[ ] from unlimited to limited

CASE NUMBER:
BCV-22-101124

1. **Plaintiff** *(name or names):* Rita Womack
alleges causes of action against **defendant** *(name or names):* CVS Pharmacy, Inc.; DOES 1 to 20

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
　a. [ ] **except** plaintiff *(name):*
　　　(1) [ ] a corporation qualified to do business in California
　　　(2) [ ] an unincorporated entity *(describe):*
　　　(3) [ ] a public entity *(describe):*
　　　(4) [ ] a minor [ ] an adult
　　　　　(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
　　　　　(b) [ ] other *(specify):*
　　　(5) [ ] other *(specify):*
　b. [ ] **except** plaintiff *(name):*
　　　(1) [ ] a corporation qualified to do business in California
　　　(2) [ ] an unincorporated entity *(describe):*
　　　(3) [ ] a public entity *(describe):*
　　　(4) [ ] a minor [ ] an adult
　　　　　(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
　　　　　(b) [ ] other *(specify):*
　　　(5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] — **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** — Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™

| SHORT TITLE: Womack v. CVS | CASE NUMBER:<br>BCV-22-101124 |
|---|---|

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except defendant** *(name):*CVS Pharmacy, Inc.    c. ☐ **except defendant** *(name):*
      (1) ☐ a business organization, form unknown      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*      (5) ☐ other *(specify):*

   b. ☐ **except defendant** *(name):*    d. ☐ **except defendant** *(name):*
      (1) ☐ a business organization, form unknown      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 20     were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 20     are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE:  Womack v. CVS | CASE NUMBER: |
|---|---|
| | BCV-22-101124 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):* Costs of transportation to and from all medical providers; costs of suit; pre and post judgment interest; any such further relief as the Court deems just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):* All Paragraphs

Date: May 9, 2022

Gene J. Goldsman, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE: Womack v. CVS | CASE NUMBER: |
|---|---|
| | BCV-22-101124 |

___FIRST___      **CAUSE OF ACTION—General Negligence**    Page 4 _____
(number)

ATTACHMENT TO ☐X Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Rita Womack

     alleges that defendant *(name)*: CVS Pharmacy, Inc.

         ☐X Does _____1_____ to _____20_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: or about June 28, 2020
at *(place)*: or near 3500 Stine Rd Bakersfield, CA 93309

*(description of reasons for liability):*

1. Plaintiff(s) reallege all prior and subsequent paragraphs of this complaint by incorporation by reference, as if fully set forth in full herein.

2. The true names or capacities, whether individual, associate, corporate, or otherwise of those Defendants sued herein as Does 1-20, inclusive, and each of them, are unknown to Plaintiff(s), and Plaintiff(s) are genuinely ignorant of their true names and identity of Does 1-20, inclusive, and/or facts to implicate the fictitious Doe defendants, who therefore sue said Doe Defendants by such fictitious names. Plaintiffs will ask or seek leave of court to amend this complaint to show such true names and capacities when they have ascertained or identified. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants are and were in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failure to act, representations and omissions alleged throughout this complaint and/or committed such, and are liable to Plaintiff(s) as herein alleged either individually or collectively are, in some manner responsible for the actions, happenings or events as well as the acts, representations and omissions described herein and are in some manner responsible and liable to plaintiff(s) for them. Additionally, Fictitious defendants, Does 1-20, inclusive are sued herein pursuant to California Code of Civil Procedure section 474.

CONTINUED ON NEXT PAGE...

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

1   3. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint ventures, co-conspirators, partners, alter egos, alternate entities, affiliated entity, parent entity, subsidiary entity, sister entity, successors in interest, predecessors in interest,

2   parents, guardians, employees, contractors, servants, delegates, delegators and/or agents and "managing agents," trustee(s) of a trust, Estate, Estate pursuant to Probate Code section 550 -555 (where defendant(s) are protected by one or more insurance policies and plaintiff(s) seek to obtain all available insurance policy

3   limits), personal representative(s) of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each

4   act, failure to act or omission alleged to be attributable to any Defendant herein was done with advanced knowledge of defendants and each of them, and/or ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or

5   through discovery.  All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, and partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondent superior, agency, partnership, agreement or

6   through  or under some other legal fact or theory.  Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

7   4. At all times relevant hereto Defendants and each of them, jointly or severally, including their agents, employees, servants, and contractors acting within the course, scope, and purpose of employment, owned, maintained, inspected, controlled, repaired, managed, and/or operated the premises on, at or near  3500 Stine Rd Bakersfield, CA 93309 and the surrounding and adjacent areas. Defendants had a duty of care towards all foreseeable plaintiffs, including present Plaintiff(s),

8   to keep them free from foreseeable risks of harm, including but not limited to a duty adequately, properly, and safely maintain and inspect the property.

9   5. Defendants and each of them, were negligent, careless, reckless and unreasonable in their ownership, maintenance, inspection, repair, control, management and operation of the aforementioned premises.  Defendants and each of them maintained and/or created a dangerous, hazardous and defective condition on their premises.  The dangerous condition consisted of a slippery substance on a slippery floor near the handicap parking stall at the aforementioned premises.

10   Defendants failed to provide adequate safety measures and features on the premises.  The defendants could have corrected the condition prior and avoided Plaintiff's injury because the condition existed prior to the time of injury and Defendant had sufficient time to remedy the condition or provide warning/notice.

11   6. Further, Defendants and each of them, were negligent, reckless, careless, and unreasonable in and among other things, prior to and at the time of Plaintiff's injury, in constructing, erecting, building, maintaining, inspecting, improving, repairing, modifying, controlling,  supervising, performance of contracting work

12   and other work performed, and/or creating an unsafe, dangerous, and hazardous condition at the aforementioned.

13   7. Defendants and each of them offered no adequate instructions, directions, or warnings regarding this dangerous condition. As a direct and proximate result of the aforementioned negligent, reckless, careless, and unreasonable acts by Defendants and each of them, along with their employees, agents, servants, contractors, acting within the course, scope, and purpose of employment.

14   8.  Plaintiff, a foreseeable user of the premises and property, while walking on the premises and made contact with the aforementioned dangerous and defective condition which proximately caused plaintiff to slip and fall, sustaining serious bodily injuries.

15   9. Defendants' wrongful and tortious acts, omissions and representations alleged throughout this complaint proximately caused or was a substantial factor in causing plaintiff serious and severe emotional distress and financial damages, injury, and other damages, losses, costs, and expenses. Plaintiff has incurred and

16   will continue to incur, financial and related expenses.  The full amount of such expenses is not known to Plaintiff at this time, and Plaintiff will state such amount when the same becomes known to him, at the time of trial, or on proof thereof.

17

18

19

20

21

22

23

24

25

26   *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

27   This page may be used with any Judicial Council form or any other paper filed with the court.

Page 5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Westlaw Doc & Form Builder
CRC 201, 501

PLD-PI-001(4)

| SHORT TITLE: Womack v. CVS | CASE NUMBER: |
|---|---|
| | BCV-22-101124 |

<u>    SECOND    </u>    **CAUSE OF ACTION—Premises Liability**     Page <u> 6    </u>
    (number)

ATTACHMENT TO   [ X ] Complaint    [   ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Rita Womack
    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
    On *(date):* or about June 28, 2020        plaintiff was injured on the following premises in the following
    fashion *(description of premises and circumstances of injury):* At all times relevant hereto, Defendants, and each
    of them owned, controlled, operated, designed, managed, inspected and maintained, improved and repaired
    the premises at or near the aforementioned location.. Defendants, and each of them, created and/or
    maintained a dangerous condition on the aforementioned premises consisting of a slippery substance on a
    slippery floor on the aforementioned premises. Plaintiff came in contact with this dangerous condition when
    she was walking outside the store near the handicap parking, and as a direct and proximate result thereof,
    slipped and fell, sustaining serious injuries.

Prem.L-2.    [   ]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and
           operated the described premises were *(names):*

           [   ] Does          to         

Prem.L-3.    [   ]   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
           or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
           *(names):*

           [   ] Does          to         
           Plaintiff, a recreational user, was   [   ] an invited guest   [   ] a paying guest.

Prem.L-4.    [   ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
           on which a dangerous condition existed were *(names):*

           [   ] Does          to         
           a. [   ] The defendant public entity had [   ] actual   [   ] constructive notice of the existence of the
               dangerous condition in sufficient time prior to the injury to have corrected it.
           b. [   ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [ X ] **Allegations about Other Defendants** The defendants who were the agents and employees of the
           other defendants and acted within the scope of the agency were *(names):*

           [ X ] Does     1     to     20    

        b. [ X ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
           [   ] described in attachment Prem.L-5.b   [ X ] as follows *(names):* CVS Pharmacy, Inc.; DOES 1 to
           20; According to proof.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SHORT TITLE: Womack v. CVS Pharmacy, Inc.

CASE NUMBER: BCV-22-101124

1. Plaintiff(s) are informed and believe and thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint ventures, co-conspirators, partners, alter egos, alternate entities, affiliated entity, parent entity, subsidiary entity, sister entity,successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delegates, delegators and/or agents and "managing agents," trustee(s) of a trust, Estate, Estate pursuant to Probate Code section 550-555 (where defendant(s) are protected by one or more insurance policies and plaintiff(s) seek to obtain all available insurance policy limits), personal representative(s) of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was done with advanced knowledge of defendants and each of them, and/or ratified by each of the remaining Defendants. Defendants, in engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery.  All delegations, acts, failures to act,omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement, and partnership or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint.  Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondent superior, agency, partnership, agreement or through  or under some other legal fact or theory.  Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

2. The true names or capacities, whether individual, associate, corporate, or otherwise of those Defendants sued herein as Does 1-20, inclusive, and each of them, are unknown to Plaintiff(s), and Plaintiff(s) are genuinely ignorant of their true names and identity of Does 1-20, inclusive, and/or facts to implicate the fictitious Doe defendants, who therefore sue said Doe Defendants by such fictitious names. Plaintiffs will ask or seek leave of court to amend this complaint to show such true names and capacities when they have ascertained or identified. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants are  and were in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failure to act, representations and omissions alleged throughout this complaint and/or committed such, and are liable to Plaintiff(s) as herein aleged either individually or collectively are, in somemanner responsible for the actions, happenings or events as well as the acts, representations and omissions described herein and are in some manner responsible and liable to plaintiff(s) for them. Additionally, Fictitious defendants, Does 1-20, inclusive are sued herein pursuant to California Code of Civil Procedure section 474.

3.  At all times relevant hereto Defendants and each of them, jointly or severally, including their agents, employees, servants, and contractors acting within the course, scope, and purpose of employment, owned, maintained, inspected, controlled, repaired, managed, and/or operated the premises on, at or near  3500 Stine Rd Bakersfield, CA 93309 and the surrounding and adjacent areas. Defendants had a duty of care towards all foreseeable plaintiffs, including present Plaintiff(s), to keep them free from foreseeable risks of harm, including but not limited to a duty adequately, properly, and safely maintain and inspect the property, warn and make safe.

4. The dangerous condition consisted of a wet and slippery substance on the handicap parking area outside the store at the aforementioned preemies that was negligently maintained, inspected, repaired, controlled and managed. Plaintiff, a foreseeable user of the premises and property, was walking on the aforementioned described premises area. Plaintiff madecontact with the dangerous condition which proximately caused Plaintiff to fall to the ground and sustain serious injuries. Defendants failed to provide adequate safety measures and features on the premises. The defendants could have corrected the condition prior and avoided Plaintiffs injury because the condition existed prior to the time of injury and Defendant had sufficient time to warn, make safe, or remedy the condition.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 7

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

Westlaw Doc & Form Builder
CRC 201, 501

EXHIBIT C

Alex Padilla
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, September 26, 2019. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C2543240    CVS PHARMACY, INC.

| | |
|---|---|
| **Registration Date:** | 07/02/2003 |
| **Jurisdiction:** | RHODE ISLAND |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | ONE CVS DRIVE |
| | WOONSOCKET RI 02895 |
| **Entity Mailing Address:** | ONE CVS DRIVE |
| | WOONSOCKET RI 02895 |

A Statement of Information is due EVERY year beginning five months before and through the end of July.

| Document Type ⇕ | File Date ⬇⬆ | PDF |
|---|---|---|
| SI-COMPLETE | 07/11/2019 | |
| SI-COMPLETE | 04/06/2018 | |
| REGISTRATION | 07/02/2003 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**    **New Search**    **Back to Search Results**

F



# State of California
## Secretary of State

### Statement of Information
**(Foreign Corporation)**
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME**

2. **CALIFORNIA CORPORATE NUMBER**

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 13.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4.   STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
| 5.   STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
| 6.   MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4 | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7.   CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
| 8.   SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
| 9.   CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

10.  NAME OF AGENT FOR SERVICE OF PROCESS

11.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**  CITY          STATE     ZIP CODE

**Type of Business**

12.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

13.  THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |
|---|---|---|---|

SI-350 (REV 01/2013)                                                                                APPROVED BY SECRETARY OF STATE

# EXHIBIT  D



**California Secretary of State**
Electronic Filing

# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | CVS PHARMACY, INC. |

| | |
|---|---|
| Entity (File) Number: | C2543240 |
| File Date: | 06/29/2021 |
| Entity Type: | Corporation |
| Jurisdiction: | RHODE ISLAND |
| Document ID: | GU41751 |

**Detailed Filing Information**

1.  Entity Name:

    CVS PHARMACY, INC.

2.  Business Addresses:

    a.  Street Address of Principal
        Office in California:

    b.  Mailing Address:

        1 CVS Drive
        Woonsocket, Rhode Island 02895
        United States of America

    c.  Street Address of Principal
        Executive Office:

        1 CVS Drive
        Woonsocket, Rhode Island 02895
        United States of America

3.  Officers:

    a.  Chief Executive Officer:

        CAROL A DENALE
        1 CVS Drive
        Woonsocket, Rhode Island 02895
        United States of America

    b.  Secretary:

        THOMAS S MOFFATT
        1 CVS Drive
        Woonsocket, Rhode Island 02895
        United States of America

Document ID: GU41751

# California Secretary of State
## Electronic Filing

Officers (cont'd):

    c.  Chief Financial Officer:

CAROL A DENALE
1 CVS Drive
Woonsocket, Rhode Island 02895
United States of America

4.  Director:

Not Applicable

Number of Vacancies on the Board of
Directors:

Not Applicable

5.  Agent for Service of Process:

C T CORPORATION SYSTEM
(C0168406)

6.  Type of Business:

PHARMACY

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   MELANIE K ST ANGELO

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GU41751